**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

JESSICA KOWECK,

                                                          Case No. 24-12265

        Plaintiff,

    v.

SCOTT ANDREW RENNER, an individual;
VELO ASSOCIATES PLC, a domestic professional
limited liability company, D/B/A VELO LAW OFFICE,
D/B/A VELO LAW, D/B/A VELO GROUP,
D/B/A VELO COLLECT, D/B/A VLO,
D/B/A SEVENTY FIFTY CAPITAL; and
GREAT LAKES CIVIL SERVICES, INC.,

        Defendants.

**COMPLAINT – CLASS ACTION**

**INTRODUCTION**

1.    Plaintiff, JESSICA KOWECK ("KOWECK" or "Plaintiff"), brings this action against Defendant SCOTT ANDREW RENNER ("RENNER"), and VELO ASSOCIATES, PLC, ("VELO") (collectively "Attorney Defendants"), and GREAT LAKES CIVIL SERVICES, INC. ("GLCS"), under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*., common law fraud, and seeks class-wide injunctive relief to prevent further fraud.

2.    One of the most fundamental legal rights in the American judicial system is the right of a person to be notified of claims made against the person.

3.      To that end, the Michigan Court Rule 2.105(A) requires that service of process of a summons and complaint on an individual like KOWECK be done one of two ways:

> (1) delivering a summons and a copy of the complaint to the defendant personally; or
>
> (2) sending a summons and a copy of the complaint by registered or certified mail, return receipt requested, and delivery restricted to the addressee.

4.      Here, GLCS, retained by RENNER and/or VELO, made no attempt to serve personally KOWECK.

5.      Instead, the process server showed up at KOWECK's residence with tape already on the summons and complaint, with the intent to solely tack.

6.      RENNER and VELO thereafter obtained for the named plaintiff in the state court matter a default judgment claiming personal service.

7.      When service of process was challenged by KOWECK, the Attorney Defendants doubled down, using a form template response, opposed KOWECK's Motion and Affidavit to Set Aside Default (Civil), claiming in part that, "Defendant was served on or about 11/15/2023 by Personal Service at 15448 Peddlebrook Dr. Van Buren Twp, MI 48111", and attempted to bully KOWECK by requesting $250

in attorney's fees as sanctions for having to respond to her motion. (Exhibit A, pp. 2 ¶ 3, 4).

8.     Notably, GLCS's Proof of Service contains a "Picture fee" of "$5.00", and to see if KOWECK was actually served in person by GLCS, the collection attorneys could have requested that picture from GLCS.

9.     The motion to set aside the default was opposed before the state court, even after being shown to counsel for the named plaintiff, before the hearing the video which showed that the quoted statement in the opposition brief, "Defendant was served on or about 11/15/2023 by Personal Service at 15448 Peddlebrook Dr. Van Buren Twp, MI 48111", was false.

## JURISDICTION AND VENUE

10.     This Court has jurisdiction under 28 U.S.C. § 1331 (Federal Question), and 15 U.S.C. §1692k(d) (FDCPA), and under 28 U.S.C. § 1337 has supplemental jurisdiction over the state law claims as they arise out of a common nucleus of operative facts.

11.     Venue and personal jurisdiction over all Defendants are proper under because:

   a.   Defendants' conduct complained of towards KOWECK occurred in this District;

   b.   GLPS office is in Genesee County, which is located within the District;

and

    c. KOWECK lives in the District.

## PARTIES

12.    VELO, who holds itself out as a collection agency and law firm in one, is owned by or its president is Scott Andrew Renner, a licensed attorney in the State of Michigan who is licensed to practice law in several states: Michigan Bar No. P73003, North Dakota Bar ID 09959, Ohio Attorney Registration Number 99691, Indiana Attorney Number 33897-76, Montana date of admission 5/25/2010.

13.    RENNER established the policies, procedures, and practices of VELO, including form templates used in their debt collection practice.

14.    VELO is a Domestic Professional Limited Liability Company, with its principal place of business located at 1750 Leonard St., NE, Grand Rapids, MI, and its registered agent is Cascade Agent Solutions, LLC, 1740 Leonard St., NE, Grand Rapids, MI, but according to Kent Count, no address exists for 1740 Leonard St., NE, Grand Rapids, MI, only 1750 Leonard St., NE, Grand Rapids, MI, exists:



And 1750 Leonard St., NE, Grand Rapids, MI, is owned by Rouge Properties, LLC, its Registered Agent Cascade Agent Solutions, LLC, 1740 Leonard St., NE, Grand Rapids, MI, and Rouge Properties, LLC, is on information and belief a company established by RENNER, using Doris Hendrain as the "Organizer", whom was approximately 90 years old at the time Rouge Properties, LLC's Articles of Organization were filed with the State of Michigan, and who at the time was RENNER's great aunt.

15.     RENNER, an officer of the Court, and VELO have purposefully avoided service of process in other law suits filed against them, even when the process server has attempted to RENNER at home.

16.     RENNER went to law school specifically to be a debt collector attorney

17.     VELO represents creditors in collecting past-due accounts.

18.     The Attorney Defendants file, or cause to be filed, collection lawsuits on behalf of others in the State of Michigan, and other states.

19.     VELO's revenue primarily comes from the collection of debts.

20.     VELO engages in a volume debt collection business having collected hundreds of millions of dollars for creditors throughout the country.

21.     On information and belief, RENNER's business revenue primarily comes from the collection of debts.

22.     VELO is engaged in the business of collecting or attempting to collect, directly or indirectly, defaulted debts owed or due or asserted to be owed or due to others.

23.     RENNER is engaged in the business of collecting or attempting to collect, directly or indirectly, defaulted debts owed or due or asserted to be owed or due to others.

24.     RENNER is a "debt collector as that term is defined 15 U.S.C. § 1692a(6). *See Heintz v. Jenkins,* 514 U.S. 291, 299 (1995).

25.     VELO is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6). *See Heintz v. Jenkins,* 514 U.S. 291, 299 (1995).

26.     GLCS is a domestic profit company with its office located at 4020 Somers Dr. Burton, MI 48529, with its President, Treasurer, Secretary and Director Scott L. Hope, being listed at that same address.  The Department of Licensing and

Regulatory Affairs website lists GLCS' registered agent as being C.L. Hope, 401 Hall St. #255, Grand Rapids, MI 49503.

27.     GLCS is engaged in the business of collecting or attempting to collect, indirectly, defaulted debts owed or due or asserted to be owed or due to others.

28.     GLCS is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6) and its fraud upon the state court, including its fraud related to the $5.00 "Picture fee" for a picture not taken, precludes GLCS from the process server exclusion under 15 U.S.C. § 1692a(6)(D).

29.     The VELO and/or RENNER is/are liable under the FDCPA for the acts and omissions of GLCS who acted as it/their agent.

30.     KOWECK is a natural person and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

## FACTS

31.     KOWECK contracted with Michigan Academy of Gymnastics for it to provide services for KOWECK's daughter.

32.     Billing disputes later emerged between KOWECK and Michigan Academy of Gymnastics, but KOWECK believed that it was resolved and no further monies were owed.

33.     At an unknown time, the Michigan Academy of Gymnastics believed that the debt was in default.

34.     On or about August 31, 2023, RENNER and VELO filed or caused to be filed a document titled "**COMPLAINT**" in the 34th Judicial District Court for the County of Wayne, captioned *MICHIGAN ACADEMY OF GYMNASTICS INC vs JESSICA KOWECK*, assigned case number, 23-01067-GC.   (the "collection action").

35.     The **COMPLAINT** was filed on a debt, the principal of which, was alleged to be $325.

36.     On a date on or after November 15, 2023, RENNER and VELO filed with the state court the GLCS' Certificate / Affidavit of Service Nonservice with the state court, affirmatively representing to the state court that KOWECK was personally served on November 15, 2023.

37.     GLCS' process server indicated in the proof of service, signed "under the penalty of perjury" that he personally served a woman, 41, "Race/Skin Color: Brown, Height: 5'7, Weight 175, Hair: Dark Brown[.]"  (Exhibit A, p. 8):



38.     KOWECK is white, approximately 5ft 3in, with blonde hair, as demonstrated by her driver's license issued by the State of Michigan:



39.     KOWECK's Ring Door Bell recorded a video of GLCS' process server approaching her residence and leaving her residence.

40.     KOWECK's Ring Door Bell video shows GLCS' process server approaching her residence with tape already on the papers and that he made no attempt to personally serve KOWECK, but simply tacked the papers.

41.     KOWECK was not personally served with the **COMPLAINT**.

42.     The state court in state court matter did not enter an order for tacking nor was any such order sought.

43.     GLCS' process server proof of service indicates that a $5 "Picture fee" was included and was part of the total fee amount of $55.

44.     MCL 600.2559(1)(s) provides, "(1) . . . the following is the schedule of fees allowed for process or papers served out of a court in this state by a person authorized under this act or supreme court rule to serve process * * * (s) For each photo verification requested by the plaintiff, $5.00."

45.     None of the Defendants' records, electronic or in hard format, have the "photo verification" under MCL 600.2559(1)(s) as set forth in the PROOF OF SERVICE CERTIFICATE / AFFIDAVIT OF SERVICE / NONSERVICE of GLCS.

46. On or around December 12, 2023, a Judgment by Default was entered.

47. On information and belief, the Judgment by Default included GLCS's fee.

48. On January 2, 2024, KOWECK, filed a Motion and Affidavit using the SCAO MC 99, Motion and Affidavit to Set Aside Default, Civil, checking both boxes 2a "The court lacks jurisdiction because I was not served with the summons and complaint" and 2b stating both "I have good cause for my failure to appear/answer. I did not appear or answer because I was not personally served with the complaint. . . . I do not owe this debt. Gymnastics Co, only refunded half my funds for classes my child did not attend, I have proof."

49. KOWECK incurred actual costs of $20 (twenty dollars) for the motion fee paid to set aside the default judgment.

50. On or around January 18, 2024, the Attorney Defendants filed or caused to be filed with the state court, "**PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO SET ASIDE DEFAULT JUDGMENT & PROOF OF SERVICE**". (Exhibit A).

51. Except for some of the specific statements in the "**FACTS**" section and the case caption the "**PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO SET ASIDE DEFAULT JUDGMENT & PROOF OF**

**SERVICE**" is on information and belief to be a form document derived from a template.

52.     On information and belief, no meaningful investigation to determine whether or not KOWECK was personally served with the summons and complaint in the collection action.

53.     "**PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO SET ASIDE DEFAULT JUDGMENT & PROOF OF SERVICE**" also requested "to grant [the state court] Plaintiff attorney fees in the amount of **$250.00**. . . ." (Exhibit A, p. 4).

54.     "**PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO SET ASIDE DEFAULT JUDGMENT & PROOF OF SERVICE**" was received by KOWECK via the US Mail.

55.     KOWECK obtained counsel to argue the motion to set aside the default.

56.     Before the hearing KOWECK showed the attorney for the named plaintiff in the state court action before the hearing on the motion to set aside the judgment the video from the Ring Doorbell which showed that the quoted statement in the opposition brief, "Defendant was served on or about 11/15/2023 by Personal Service at 15448 Peddlebrook Dr. Van Buren Twp, MI 48111", was false e.g.:



57.     On February 2, 2024, after oral arguments on KOWECK's motion to set aside the default and default judgment, Judge Martin entered an Order setting aside the Default and Default Judgement, and dismissed the matter without prejudice.

58.     KOWECK has been monetarily damaged by all of the Defendants' conduct complained of and has incurred the loss of time needlessly to address Defendants' acts complained of herein.

## COUNT I
## FAIR DEBT COLLECTION PRACTICES ACT

59.     KOWECK incorporates paragraphs 1-58 herein.

60.     Congress in enacting the FDCPA sought to protect consumers from among other acts, deceptive and unfair acts, and therefore the Act was not merely procedural, but substantive and of great importance.

61.     The harm alleged here is precisely the type of misconduct that the Act was intended to protect and therefore an injury-in-fact exists here.

62.     Plaintiff has the legal / procedural substantive right to proper service of process as set forth in Michigan Court Rule 2.105(A) and to be free of fraud upon the Court.

63.     All Defendants by representing to the state court and to KOWECK that she was personally served with the summons and complaint in the state court matter, all Defendants violated 15 U.S.C. §§ 1692e(2)(A), e(5), e(10), e(13) which provides:

> (e) A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
> * * *
>> (2)(A) The false representation of — the . . . legal status of any debt; or * * *
>>
>> (5)  The threat to take any action that cannot legally be taken * * *
>>
>> (10) The use of any false representation or deceptive means to collect

or attempt to collect a debt or obtain information concerning a consumer. * * *

(13) The false representation or implication that documents are legal process.

64.     All Defendants by representing to the state court and to KOWECK, that she was personally served with the summons and complaint in the state court matter violated 15 U.S.C. § 1692f, which provides, in part, "A debt collector may not use unfair . . . means to collect or attempt to collect any debt. . . ."

65.     Attempting to collect a $5.00 "Picture fee", where no photo verification under MCL 600.2559(1)(s) exists, violates 15 U.S.C. §§ 1692f, 1692e and 1692e(2)(B) ("(2) The false representation of (B) any . . . compensation which may be lawfully received by any debt collector for the collection of the debt.")

66.     Seeking frivolous sanctions of "attorney fees in the amount of **$250.00**. . . .", (Exhibit A), is abusive, and unfair in violation of 15 U.S.C. § 1692f, a type of practice the FDCPA is intended to prevent, *see* 15 U.S.C. § 1692(a), and has the chilling effect of a debtor defending a debt collection action, especially one where the sanctions demanded is $100 less than the debt.

## CLASS ALLEGATIONS

67.     The proposed class, subject to modification, is defined as: All persons, where VELO and/or RENNER filed or caused to be filed a document PROOF OF SERVICE CERTIFICATE / AFFIDAVIT OF SERVICE / NONSERVICE of GLCS,

in the form included in Exhibit A, in a Michigan court, that checked the box "I personally served a copy. . ." and a $5.00 "Picture fee" was included, on a date beginning one-year from the filing of this Complaint and continuing, where no photo verification under MCL 600.2559(1)(s) exists.

68.    Given that RENNER and VELO are volume debt collectors, the conduct of GLCS having tape on the documents to serve and no attempt to personally serve them being made, and that, "[a]n estimated 26% of all Michiganders with a credit report have at least one debt in collections", on information and belief there are more than 40 persons in the proposed class above.

69.    There are questions of law and fact common to each class that predominate over any questions affecting only individual class members, whether falsely claiming personal service of a summons and complaint was personally made when it was not, and charging a $5.00 "Picture fee", when no "photo verification" under MCL 600.2559(1)(s) exists violates the FDCPA.

70.    KOWECK will fairly and adequately protect the interests of the Class as he seeks the same injunctive relief, and his claims are common and typical to the proposed Class defined herein.

71.    KOWECK has retained Curtis C. Warner, who is counsel experienced in handling class actions, including class actions brought under the FDCPA, obtaining settlements deemed by state and federal courts to be fair, reasonable and

adequate. *Waldrep v. Equityexperts.org et al.,* 21-cv-12590 (E.D. Mich. May 28, 2024) (FDCPA); *Rodriguez v. Hirshberg Acceptance Corp., et al.*, 18-cv-240, 20-cv-877 (W.D. Mich. April 10, 2024) (FDCPA); *Schafer v. Allied Interstate LLC, et. al.,* 17-cv-233 (W.D. Mich. July 1, 2021) (FDCPA); *Soto et. al. v. Great America LLC,* 17 CH 1118 (19th Judicial Circuit Court, Lake County, Illinois, June 18, 2021) (FCRA – Receipt); *Sowles v. Weltman, Weinberg & Reis Co., LPA,* 19-cv-10254 (E.D. Mich. Oct. 23, 2020) (FDCPA); *Pilaraski v. Rent Recover of Better NOI LLC,* 17-cv-8659 (N.D. Ill. Sept. 25, 2019) (FDCPA); *Loveday v. Financial Asset Management Systems, Inc.,* 18-cv-10218 (E.D. Mich. May 24, 2019) (FDCPA); *Dilallo et al. v. Miller and Steeno, P.C., et al.,* 16 C 51 (N.D. Ill. Mar. 16, 2018) (FDCPA); *Patel v. AT&T Services, Inc.*, 15 C 8174 (N.D. Ill. Sept. 20, 2017) (TCPA – Autodialer); *Florence Mussat, M.D., S.C. v. E.S. Medical Supplies and Equipment Inc.,* 16 C 1240 (N.D. Ill. Sept. 13, 2017) (TCPA – Junk Fax); *Tsang v. Zara USA, Inc.*, 15-cv-11160 (N.D. Ill. Nov. 2, 2016) (FCRA – Receipt); *Vasquez v. Zara USA, Inc.,* 15 C 3433 (N.D. Ill. March 8, 2016) (FCRA – Receipt); *Florence Mussat, M.D., S.C. v. Insurance Group of America Holdings, LLC.*, 13 C 7798 (N.D. Ill. May 7, 2015) (TCPA – Junk Fax); *Krishnan et al. v. Autovest LLC*, 13 C 8654 (N.D. Ill. Mar. 27, 2015) (FDCPA); *Paci v. Elmhurst Auto Werks, LTD,* 14 C 1158 (N.D. Ill. Feb. 2, 2015) (FCRA – Receipt); *Pursak v. Lumber Liquidators, Inc.,* 12 C 6984 (N.D. Ill Nov. 17, 2014) (FCRA – Receipt); *Florence Mussat M.D., S.C. v.*

*Betterdoctor, Inc.*, 13 C 8377 (N.D. Ill. July 10, 2014) (TCPA Junk Fax); *Sanders et. al. v. W&W Wholesale, Inc.*, 11 C 3557 (N.D. Ill. Apr. 11, 2014) (FCRA – Receipt); *Bargains in a Box, Inc.*, 13 C 3964 (N.D. Ill. Mar. 27, 2014) (FCRA – Receipt); *Florence Mussat M.D., S.C. v. Global Healthcare Resource, LLC,* 11 C 7035 (N.D. Ill. Nov. 1, 2013) (TCPA Junk Fax); *Tang v. Medical Recovery Specialists Inc.*, 11 C 2109 (N.D. Ill) (FDCPA); *Tang v. Pita Inn Inc*, 11 C 3833 (N.D. Ill. May 2, 2012) (FCRA – Receipt); *Balbarin v. North Star Acquisition,* LLC, 10 C 1846 (N.D. Ill. Apr. 12, 2012) (TCPA Autodialer); *O'Hara v. Medieval Times USA, Inc.*, 3:10-cv-751 (D. N.J. Mar. 6, 2012) (FCRA – Receipt); *Todd v. HB Windows and Doors*, *Inc.*, 10 C 4986 (N.D. Ill. Aug. 18, 2011) (FCRA – Receipt); *Seppanen v. Krist Oil Co.*, 2:09-cv-195 (W.D. Mich. Aug. 9, 2011) (FCRA – Receipt); *Vallejo v. National Credit Adjusters,* LLC, 10-cv-103 (N.D. Ind. Nov. 3, 2010) (FDCPA); *Mitchem v. Northstar Location Services,* LLC, 09 C 6711, (N.D. Ill. May 13, 2010) (FDCPA); *Housenkamp v. Weltman, Weinberg & Reis, Co. of Michigan*, Case No. 1:09-cv-10613-TLL-CEB (E.D. Mich. May 11, 2010) (FDCPA); *Kern v. LVNV Funding, Inc.*, 09 C 2202, (N.D. Ill. Jan. 21, 2010) (FDCPA); *Prieto et al. v. HBLC, Inc. and Steven J. Fink & Assoc., P.C.*, 08 C 2817 (N.D. Ill. Dec. 15, 2008) (FDCPA); *Dobson v. Asset Acceptance LLC*, 07 C 6203, (assigned as related to 07 C 5967) (N.D. Ill. 2008) (FDCPA); *Horton v. IQ Telecom*, 07 C 2478 (N.D. Ill. May 5, 2008) (FDCPA).

72.     KOWECK has retained John A. Evanchek, who is counsel experienced in class actions brought under the FDCPA.

73.     A class action is superior method for the fair and efficient adjudication of this controversy as most class members do not know of their rights under the FDCPA.

74.     There are no issues of manageability of the proposed Class is ascertainable from one or more of all of the Defendants' electronic records.

**WHEREFORE,** Plaintiff requests this Honorable Court to enter a Judgment against all of the Defendants on Count I as follows:

A. To certify the Class, with any modifications, or amendments required by the Court;

B. Appoint KOWECK as the representative for the Class;

C. Appoint Mr. Warner and Mr. Evanchek as counsel for the Class;

D. Award statutory damages, actual damages attorney's fees and costs under 15 U.S.C. § 1692k and its subsections; and

E. Subject to the Court's discretion, award KOWECK a reasonable incentive award for serving as the class representative.

## COUNT II
## FRAUD UPON THE COURT

75.     KOWECK incorporates paragraphs 1-58 herein.

76.     The submission and affirmative representation to the state court of a

PROOF OF SERVICE CERTIFICATE / AFFIDAVIT OF SERVICE / NONSERVICE of GLCS indicating that personal service was made, when in fact no personal service was made, amount to making a false statement to the state court.

77.     The court relied on the PROOF OF SERVICE CERTIFICATE / AFFIDAVIT OF SERVICE / NONSERVICE of GLCS in administratively entering a Default Judgment against KOWECK.

78.     The submission and affirmative representation to the state court of a PROOF OF SERVICE CERTIFICATE / AFFIDAVIT OF SERVICE / NONSERVICE of GLCS indicating that GLCS would be entitled to $5 for a "Photo fee" when in fact no photo of service was made, amounts to making a false statement to the state court.

79.     The court relied on the PROOF OF SERVICE CERTIFICATE / AFFIDAVIT OF SERVICE / NONSERVICE of GLCS in administratively entering costs that included a $5 "Photo fee" when no photograph was ever taken of personal service occurring.

80.     KOWECK has been proximately injured by all Defendants' conduct.

## CLASS ALLEGATIONS

81.     The proposed class, subject to modification, is defined as: All persons, where VELO and/or RENNER filed or caused to be filed a document PROOF OF SERVICE CERTIFICATE / AFFIDAVIT OF SERVICE / NONSERVICE of GLCS,

in the form included in Exhibit A, in a Michigan court, that checked the box "I personally served a copy. . ." and a $5.00 "Picture fee" was included, on a date beginning six-years from the filing of this Complaint and continuing, where no "photo verification" under MCL 600.2559(1)(s) exists.

82.     Given that RENNER and VELO are volume debt collectors, the conduct of GLCS having tape on the documents to serve and no attempt to personally serve them being made, and that, "[a]n estimated 26% of all Michiganders with a credit report have at least one debt in collections", on information and belief there are more than 40 persons in the proposed class above.

83.     There are questions of law and fact common to each class that predominate over any questions affecting only individual class members, whether falsely claiming personal service of a summons and complaint was personally made when it was not, and charging a $5.00 "Picture fee" when no "photo verification" under MCL 600.2559(1)(s) exists violates the FDCPA.

84.     KOWECK will fairly and adequately protect the interests of the Class as he seeks the same injunctive relief, and his claims are common and typical to the proposed Class defined herein

85.     KOWECK has retained Curtis C. Warner and John A. Evanchek, who are counsel experienced in class actions brought under the FDCPA.

86. A class action is superior method for the fair and efficient adjudication of this controversy as most class members do not know of their rights under the FDCPA.

87. There are no issues of manageability of the proposed Class is ascertainable from one or more of all of the Defendants electronic records.

**WHEREFORE,** Plaintiff requests this Honorable Court to enter a Judgment against all of the Defendants on Count II as follows:

A. To certify the Class, with any modifications, or amendments required by the Court;

B. Actual damages that are not barred by the *Rooker-Feldman* doctrine;

C. Appoint KOWECK as the representative for the Class;

D. Appoint Mr. Warner and Mr. Evanchek as counsel for the Class;

E. Subject to the Court's discretion, award KOWECK a reasonable incentive award for serving as the class representative.

## COUNT III
## INJUNCTIVE AND DECLARATORY RELIEF

88. KOWECK incorporates paragraphs 1-58 and 76-80 herein.

89. Count III seeks an injunctive and declaratory class to be certified under Fed. R. Civ. P. 23(b)(2).

90. All Defendants have acted on grounds that apply generally to the class so that final injunctive relief is appropriate respecting the class as a whole.

91. Common answers can be reached to whether All Defendants conduct complained of to be fraud upon the court will drive this litigation.

92. KOWECK has suffered a concrete and particularized legal harm proximately from all Defendants' fraudulent conduct complained of herein.

93. Given that all Defendants are engaged in volume debt collection services, and that a disputed debt like KOWECK's can result in litigation, and that KOWECK and other persons in Michigan are "consumers", there exists a significant possibility of future harm, if all Defendants' conduct complained of here is not permanently enjoined.

94. Other consumers are unaware that all Defendants' conduct complained of here and as such, public policy concerns, and in the interest of upholding the most fundamental legal right in the American judicial system, the right of a person to be notified of claims made against the person, here in a manner expressly set forth by Michigan Court Rule 2.105(A).

95. According to the Michigan Justice of All Commission, "[a]n estimated 26% of all Michiganders with a credit report have at least one debt in collections." Michigan Justice of All Commission, Debt Collection Group Report and Recommendations, p. 1 *available at* *https://www.courts.michigan.gov/4ac33d/siteassets/reports/special-initiatives/justice-for-*

all/jfa_advancing_justice_for_all_in_debt_collection_lawsuits.pdf

96.  According to the Michigan Justice of All Commission, "Default judgments are entered in almost 70% of debt collection cases after service is recorded as complete." *Id.* at p. 2.

97.  According to the Michigan Justice of All Commission, "Once a judgment is entered, the judgment creditors seek garnishments in 78% of cases." *Id.*

98.  Defendants' conduct complained of here amounts to fraud upon the court.

99.  KOWECK is represented by experienced class action counsel.

100.  KOWECK can adequately represent the members of an injunctive and declaratory class.

**WHEREFORE,** Plaintiff requests this Honorable Court to enter a Judgment against all of the Defendants on Count III declaring all Defendants' conduct complained of to be fraud upon the court and permanently enjoining them from filing affidavits with the courts that personal service was had upon the consumer, when no personal service was made, and permanently enjoining all Defendants from seeking a $5.00 photo fee unless "photo verification" under MCL 600.2559(1)(s) exists.

Respectfully Submitted,
/s/ Curtis C. Warner
John A. Evanchek (P66157)
Curtis C. Warner (P59915) (*Of Counsel*)
KELLEY & EVANCHEK, PC
43695 Michigan Ave

Canton, Michigan 48188
(734) 397-4540 (Main Office)
John@kelawpc.com
cwarner@warner.legal / (607) 438-3011 (Dir.)